## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


TRINITY WALKER, #319873,

         Petitioner,

v.                                 ACTION NO. 2:05CV669

GENE M. JOHNSON, Director,
Virginia Department of Corrections,

         Respondent.


## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

       Petitioner Trinity Walker ("Walker") was convicted in the Portsmouth Circuit Court of possession of heroin with intent to distribute as a second offense, and possession of heroin within 1000 feet of school property. He was sentenced to a term of ten years imprisonment with six years suspended.

       The Virginia Court of Appeals affirmed the convictions in a published opinion on April 13,

2004. <u>Walker v. Commonwealth</u>, 595 S.E.2d 30, 33 (2004).   The Virginia Supreme Court refused Walker's petition for appeal on October 6, 2004.  Walker then executed a state habeas petition on Febaruary 7, 2005, which was dismissed by the Portsmouth Circuit Court on May 19, 2005.  On October 11, 2005, the Virginia Supreme Court refused the petition for appeal of the circuit court's decision.

Walker, presently in the custody of the Virginia Department of Corrections at the Sussex I State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 14, 2005.  On January 31, 2006, respondent filed a Rule 5 Answer and Motion to Dismiss.

**B. <u>Grounds Alleged</u>**

Walker asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)   he was denied effective assistance of counsel due to his counsel's failure to:

(i)   attack an inconsistency in Officer Floriano's testimony linked directly to the <u>Terry</u> stop of Walker;

(ii)   effectively argue that fruit (evidence) of a poisonous tree should have been suppressed;

(iii)   argue the officer's good faith reasons for stopping Walker were insufficient to overcome the Fourth Amendment violation; and,

(iv)   argue a violation of the "plain feel" exception to the Fourth Amendment by the officer when he conducted the "pat-down" search of Walker.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  Walker raised Ground (a)(iv) in his state habeas petition which was appealed to the Virginia Supreme Court. Therefore, Walker's Ground (a)(iv) meets the exhaustion requirement.

Walker's Grounds (a)(i) through (a)(iii) were not raised before the Virginia Supreme Court. Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Walker can satisfy the requirement because "it is clear that [Walker's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989).  See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Virginia bars Walker from raising these claims on state habeas corpus now because he had knowledge of these claims at the time he filed his previous state habeas corpus petition and failed to raise the claims in that petition; therefore, Walker has met the exhaustion requirement for the claims. See Va. Code Ann. § 8.01-654(B)(2) (2000).  However, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Walker cannot raise in a federal habeas corpus proceeding any claim he did

3

not first present to the Virginia Supreme Court unless he can show cause for failing to present the

claim and prejudice resulting therefrom.  Nowhere in his federal petition has Walker shown the

requisite cause and prejudice which this Court must find before considering the merits of the claims.

Therefore, this Court finds that Grounds (a)(i) through (a)(iii) are defaulted on federal habeas and

will not address the merits.

## B.  Merits

_____Walker previously asserted the ineffective assistance claim in Ground (a)(iv) to the Virginia

Supreme Court in his habeas appeal.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not

grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the

Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of

'deference to the determinations of state courts,' provided those determinations did not conflict with

federal law or apply federal law in an unreasonable way."  Williams v. Taylor, 529 U.S. 362 (2000).

Consequently, "state-court judgments must be upheld unless, after the closest examination of the

---

[1]    The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Virginia Supreme Court, on October 11, 2005, refused Walker's petition for appeal of his habeas corpus claims.  Because the Virginia Supreme Court summarily rejected Walker's petition, this Court will conduct an independent review of the applicable law to determine whether Walker has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir.  2000).  This independent review is limited to determining  "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162.  The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984).  In order to recommend granting Walker's relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of Walker's claims was an unreasonable application of Strickland.  Strickland requires the Virginia Supreme Court to analyze Walker's claims under a two-prong test: competence and prejudice.  To have granted relief, the Virginia Supreme Court would have to have found that (1) Walker's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable

probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test).  Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The Court of Appeals summarized the testimony at Walker's trial as follows:

> At approximately 11:00 p.m. on August 28, 2002, Portsmouth Police Officer M.D. Floriano was driving an unmarked police vehicle on routine patrol with two other officers in an area known for illegal drug activity. He was dressed in plain clothes, but displaying his badge. Officer Floriano observed "quite a few people out," including appellant who was talking with three people. Floriano made eye contact with appellant, pulled his vehicle over approximately ten to fifteen feet from appellant's group, and exited his police vehicle. The officer did not activate his emergency equipment.
>
> As Floriano exited his vehicle, he noticed appellant had "an item in his left hand. I wasn't sure what it was." Appellant attempted to put that item in the rear pocket of the woman standing to his left. When he was apparently unsuccessful, appellant "quickly removed his [closed] hand from the rear [pocket] of the female and stuck it forcefully into his left front pants pocket." As the officer approached the four people, he noticed appellant was "very nervous and uneasy." Floriano also noticed appellant's heart "was beating very erratically . . .. His chest was rising and dropping quickly. [The officer] could also see the pulse in his neck."
>
> Floriano advised appellant that he "needed to see [appellant's] hand." The officer "wasn't sure if [appellant] was trying to conceal a weapon or what he was doing." Appellant did not comply. Floriano repeated his command several times before appellant withdrew his hand from his pocket. The hand was empty.
>
> For his own safety and the safety of other officers and people present, Floriano advised appellant he would conduct a pat-down search. [At trial, the officer clearly stated safety prompted the pat down.]  The officer first patted down the suspicious pocket and felt what he "immediately identified," based on his experience and training, as a "small package of narcotics." He could not determine the type of

> drugs based on the pat-down search. However, the item was "a small golf ball in his pocket. It was a tightly wrapped baggie . . . with narcotics in it." The officer then removed the item, which proved to be a baggie containing forty-nine capsules of heroin.

Walker v. Com., 595 S.E.2d 30, 32 - 33 (Va.App. 2004).

Walker argues in Ground (a)(iv) that his trial counsel was ineffective for failing to argue that the seizure of the items violated the "plain feel" standard enunciated in Minnesota v. Dickerson, 508 U.S. 366 (1993).  In that case the Supreme Court stated that if a police officer conducts a search authorized by Terry v. Ohio, 392 U.S. 1 (1968) (a pat-down search for weapons necessary for the protection of the police officer or others nearby), and while lawfully patting down a suspect's outer clothing, feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons. Minnesota v. Dickerson, 508 U.S. at 375.  If the object is contraband, its warrantless seizure would be justified. Minnesota v. Dickerson, 508 U.S. at 375-76.  However, if the object is not *immediately* identified as contraband during the search for weapons, and a further search is necessary to identify the item, such a search would be unconstitutional, and the following seizure would likewise be unconstitutional. Minnesota v. Dickerson, 508 U.S. at 379.

During the trial, Walker's counsel argued that the facts did not justify a pat-down search of petitioner.  Counsel made a tactical decision not to make the argument that the seizure violated the "plain feel" standard because counsel concluded the facts did not support the argument.  The Circuit Court found counsel was not ineffective for failing to argue the "plain feel" doctrine, concluding, "counsel is not ineffective merely because [counsel] overlooks one [trial] strategy while vigilantly pursuing another." Williams v. Kelley, 816 F.2d 939, 950 (4th Cir. 1987).  The Circuit Court denied

the claim, finding it failed to meet either prong of the <u>Strickland</u> test.  The Virginia Supreme Court found "no reversible error" and affirmed the circuit court.

The officer testified that when he patted down the suspicious pocket, he felt what he "immediately identified," based on his experience and training, as a "small package of narcotics." He could not determine the type of drugs based on the pat-down search. However, the item was "a small golf ball in his pocket. It was a tightly wrapped baggie . . . with narcotics in it." <u>Walker v. Com.,</u> 595 S.E.2d 30, 32 - 33 (Va.App. 2004).  As a result, Walker's counsel was not ineffective for failing to argue the search violated the "plain feel" standard.  Upon a careful review of the record and Walker's contentions of ineffective assistance of counsel, this Court cannot find that the state courts' adjudication on the merits was contrary to law nor involves an unreasonable determination of facts. The Virginia Supreme Court did not apply <u>Strickland</u> unreasonably.  Therefore, this Court recommends denying Walker relief on his claim of ineffective assistance of counsel, Ground (a)(iv).

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Walker's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Walker's Grounds (a)(i) through (a)(iii) should be DENIED because they were never raised to the Virginia state courts and Walker has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim.

Walker's Ground (a)(iv) should be DENIED because it was previously adjudicated by the Virginia Supreme Court on the merits and based on the holding in <u>Strickland</u> and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Walker has failed to demonstrate "a substantial showing of the denial of a constitutional

right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____ /s/ _____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 10, 2006

9

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Trinity Walker, #319873
Sussex I State Prison
24414 Musselwhite Drive
Waverly, VA 23891-1111


Leah A. Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


Fernando Galindo, Acting Clerk


By _____
    Deputy Clerk

July      , 2006